IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-24-1103 |
| PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD, | § § § § | |
| Defendant. | § § | |

**MEMORANDUM AND ORDER**

John Doe Corporation has sued the Public Company Accounting Oversight Board (PCAOB) seeking a declaratory judgment and an injunction to stop the PCAOB from enforcing an investigative demand. (Docket Entry No. 1). John Doe Corporation moves for leave to file pseudonymously on the basis that "Congress put confidentiality limits in place to protect the personal privacy and reputations of targeted parties unless and until the Board's disciplinary process has run its full course and . . . the Securities and Exchange Commission . . . determines that public disclosure of the allegations is appropriate." (Docket Entry No. 2 at 2 (citing 15 U.S.C. §§ 7215(b)(5)(a), (c)(2)).

Courts have recognized that a plaintiff's use of a fictitious name is contrary to the public's common law right of access to judicial proceedings. *See Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). Federal Rule of Civil Procedure 10(a) requires the title of every complaint to "include the names of all the parties." The Fifth Circuit, like most other courts to consider the question,[1]

---

[1] *See, e.g.*, *Doe v. Smith*, 429 F.3d 706 (7th Cir. 2005); *Doe v. City of Chicago*, 360 F.3d 667 (7th Cir. 2004); *Doe v. Madison School Dist. No. 321*, 147 F.3d 832 (9th Cir. 1998), *vacated on other grounds*, 177 F.3d 789 (9th Cir. 1999) (en banc); *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993); *Doe v. INS*, 867 F.2d 285 (6th Cir. 1989); *Doe v. Stegall*, 653 F.2d 185 (5th Cir. 1981).

has held that pseudonyms are reserved for the "unusual case," in which hiding the party's identity "'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment,' and that necessity outweighs the public interest in identifying parties to public proceedings." *W.D.O. v. Harris Cnty. Sheriff Dep't*, No. 05-CV-2978, 2005 WL 8169263, at *2 (S.D. Tex. Dec. 5, 2005) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981) (using pseudonyms in an opinion because the appellant, a prison inmate, "faced a serious risk of bodily harm" if his role as a government witness were disclosed)).

District courts in the Fifth Circuit apply the following factors in ruling on a plaintiff's request to proceed anonymously: "(1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information of the utmost intimacy; and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *Southern Methodist Univ. Assoc. of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979)).  A district court must balance the need for anonymity against the general presumption that parties' identities are public information and against the risk of unfairness to the opposing party. *See M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *James*, 6 F.3d at 238; *Doe v. Frank*, 951 F.2d 320, 323–24 (11th Cir. 1992); *Stegall*, 653 F.2d at 186.

Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three general types of situations: (1) when identification creates a severe and specific risk of retaliatory physical or mental harm, *see Stegall*, 653 F.2d at 186; (2) when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature," *James*, 6 F.3d at 238; and (3) when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution," *Stegall*, 653 F.2d at 185.

John Doe Corporation cites to the following Sarbanes-Oxley Act confidentiality provisions:

> Except as provided in subparagraphs (B) and (C), all documents and information prepared or received by or specifically for the Board, and deliberations of the Board and its employees and agents, in connection with an inspection under section 7214 of this title or with an investigation under this section, shall be confidential and privileged as an evidentiary matter (and shall not be subject to civil discovery or other legal process) in any proceeding in any Federal or State court or administrative agency, and shall be exempt from disclosure, in the hands of an agency or establishment of the Federal Government, under the Freedom of Information Act (5 U.S.C. 552a), or otherwise, unless and until presented in connection with a public proceeding or released in accordance with subsection (c).

15 U.S.C. § 7215(b)(5)(a). Subsection (c) provides that "[h]earings under this section shall not be public, unless otherwise ordered by the Board for good cause shown, with the consent of the parties to such hearing." *Id.* at (c)(2).

Neither section covers the identity of a company suing the PCAOB over unhappiness with a PCAOB investigation. The confidentiality provisions concern documents and information prepared or received by or for the PCAOB in connection with an investigation. Under the provisions, documents and information prepared or received by or for the PCAOB in an investigation are not subject to civil discovery in an agency or court proceeding. The provisions also make such documents and information exempt from disclosure by the PCAOB or other federal agency and in hearings conducted by the PCAOB under the Act. The sections note that these protections apply "unless and until" the documents and information are "presented in connection with a public proceeding or released in accordance with subsection (c)."

John Doe Corporation argues that it should be able to conduct the litigation pseudonymously because because the underlying PCAOB procedure is confidential. Its cites *Doe v. MIT*, 46 F.4th 61 (1st Cir. 2022), in which the court recognized that pseudonymity could be granted in "suits that are bound up with a prior proceeding made confidential by law." *Id.* at 71.

3

The examples cited in the opinion involved the names of minors in juvenile court proceedings. The court granted pseudonymity to the plaintiff in *MIT* because his allegations challenged the adjudication of sexual assault cases on college campuses and disclosing the plaintiff's name would disclose private information about confidential sexual assault investigations and prosecutions.

These cases are typical of the rare category of cases in which plaintiffs are permitted to proceed anonymously. These are cases "involving social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of plaintiff[']s identity." *Doe v. Bell Atlantic Bus. Sys. Servs., Inc.*, 162 F. R. D. 418, 420 (D. Mass. 1995); *cf XYZ Corporation v. United States*, 264 F. Supp. 3d 1348 (Ct. Intl. Trade 2017) ("Courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life." (quoting *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004)). Here, John Doe Corporation argues that disclosure of its lawsuit against the PCAOB would disclose the underlying proceeding against it and would create a chilling effect on those who wish to sue the PCAOB. In *Doe v. Public Company Accounting Oversight Board*, 23-CV-149 (N.D. Tex), the parties agreed to delay ruling on the motion for leave to file pseudonymously until the pending motion to dismiss was decided. The court ultimately transferred the case to the District of Columbia, where it remains pending.

Courts rarely allow corporations to litigate pseudonymously. Pseudonymous litigation is generally reserved for special interests in need of protection, such as minors, individuals alleging sexual assault, or individuals alleging involvement in criminal interests. These interests and the accompanying need for privacy are rarely presented by corporate litigants. Nevertheless, the court appreciates that the actions John Doe Corporation complains about are themselves confidential, and the disclosure of the name of John Doe Corporation, or any party suing the PCAOB, would

chill suits about the PCAOB's actions. *See MIT*, 46 F.4th at 71 (favoring granting anonymity when disclosing the identity of the plaintiff would have "a chilling effect on future litigants"). The fact that PCAOB operates under Congressional authority also weighs in favor of granting pseudonymity, because John Doe Corporation is challenging what is essentially government action, a factor weighing in favor of pseudonymity under *Southern Methodist Univ. Assoc. of Women Law Students*.

Given the unique position of the suit, the court will allow John Doe Corporation to litigate under a pseudonym until the defendant enters an appearance, either answers or moves to dismiss the complaint, and can take a position on John Doe Corporation's desire to proceed pseudonymously. The court will then hold a hearing on whether to allow John Doe Corporation to continue to proceed under a pseudonym with a fuller record supporting the decision.

SIGNED on June 10, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge