Case 4:24-cv-01103   Document 40   Filed on 08/22/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 22, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN DOE CORPORATION, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-24-1103 |
| § | |
| PUBLIC COMPANY ACCOUNTING § | |
| OVERSIGHT BOARD, *et al.*, § | |
| § | |
| Defendants. § | |
| § | |

**MEMORANDUM AND ORDER**

John Doe Corporation, a public accounting firm, was issued an investigative Accounting Board Demand by the Public Accounting Oversight Board. Doe alleges that the Board had been investigating its audit of crypto-mining assets and cryptocurrencies. The Demand sought documents and testimony from Doe. (Docket Entry No. 1). Rather than following the statutory procedure to object, John Doe sued the Board, seeking a declaratory judgment that the Board's Demand was issued in violation of the law and an injunction against enforcement of the Demand.

The Board has moved to dismiss for lack of personal jurisdiction, for lack of subject matter jurisdiction, and for failure to state a claim. The Board alternatively moves to transfer to the District Court of the District of Columbia. (Docket Entry No. 17). The United States has intervened to defend the challenged provisions of the Sarbanes-Oxley Act. (Docket Entry No. 35). For the reasons stated below, the court transfers this action to the District Court of the District of Columbia. Because the motion to transfer is granted, the remaining motions in this court are moot.

The Sarbanes-Oxley Act, 15 U.S.C. § 7211(a) *et seq.*, includes provisions establishing the Public Company Accounting Oversight Board to oversee audits of public companies subject to the

securities laws.  The Board is a nonprofit organization under D.C. law, operating under the supervision of the Securities and Exchange Commission.  Accounting firms that audit publicly traded companies and certain broker-dealers must register with the Board.  The Board may investigate acts or omissions by a registered public accounting firm that may violate the Act, the Board's rules, or securities laws relating to preparing and issuing audit reports.  The Board has disciplinary and sanctions powers if it finds violations. *Id*. at §§ 7215(b)(1), (c).

The Board informally sought documents or testimony from Doe, then issued an Order of Formal Investigation and five Accounting Board Demands for documents and testimony, including a Demand concerning a March 2024 audit that is the subject of this complaint. (Docket Entry No. 1).  Doe alleges that Board staff revealed plans to recommend that the Board begin a formal disciplinary proceeding. (*Id.*).

Doe alleges that the Board's procedures violate due process and are not "fair." (*Id.*).  Doe also alleges that § 105(a) violates the nondelegation doctrine and that the delegation of governmental power to a private agency violates the "private nondelegation doctrine." (*Id.*).  The Board responds that Doe's allegations fail to identify any Texas connection that would allow personal jurisdiction over the Board in Texas. (Docket Entry No. 17 at 15).

The court need not reach the question of whether this court may exercise personal jurisdiction over the Board.  Title 28 U.S.C. § 1404(a) gives district courts "broad discretion in deciding whether to order a transfer" of a case to another district where it could have been brought. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (citation omitted). Transfer under § 1404(a) is proper "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted).

To determine "whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice," a district court must consider eight private and public interest factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen*, 545 F.3d at 315.

These factors support the transfer of this case. First, because the Board is in the District of Columbia, any discovery against the Board will most easily take place there. Second, the District Court for the District of Columbia is already handling a similar case. *See Doe v. Pub. Co. Acct. Oversight Bd.*, No. 3:23-CV-0149-S, 2024 WL 1096546 (N.D. Tex. Mar. 13, 2024). Third, the public interest factors are consistent with transfer to the District of Columbia, which has a strong interest in the challenges to the Board's authority, given that the Board is headquartered and has its principal place of business in the District of Columbia.

This court finds that the interests of justice favor transfer and that transfer would facilitate "convenience and fairness." *Van Dusen*, 376 U.S. at 622. This action is transferred to the District Court for the District of Columbia, under 28 U.S.C. § 1404(a). That court will be the one to decide the Board's motion to dismiss.

SIGNED on August 22, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3