United States Courts
Southern District of Texas
FILED
October 03, 2024
Nathan Ochsner, Clerk of Court

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 3, 2024
Lyle W. Cayce
Clerk

No. 24-20407

In re John Doe Corporation,

*Petitioner.*

---

Petition for a Writ of Mandamus
to the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-1103

---

## UNPUBLISHED ORDER

Before STEWART, HAYNES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:

  The petition for mandamus filed by John Doe Corporation ("Doe Corporation") arises out of a motion to transfer filed in the district court by respondent Public Company Accounting Oversight Board ("PCAOB"). On August 22, 2024, the district court granted PCAOB's motion and ordered that the case be transferred from the Southern District of Texas ("SDTX") to the District of Columbia ("DDC"). Pursuant to SDTX's recently adopted General Order 2024-2, the district court's order should have been "stayed for 21 days from the date the order [was] entered on the docket." Instead, the case was transferred that same day to DDC.

  As our court has confirmed (and the parties agree), a writ of mandamus is the only opportunity for appellate review of an immediate

No. 24-20407

transfer. Of course, however, mandamus remains a "drastic and extraordinary remedy." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). Here, the district court's transfer order was not itself inconsistent with General Order 2024-2, which does not require that the transfer order explicitly reference the stay. But SDTX's General Order does require that the order be stayed for 21 days once it is entered on the docket, and thus the immediate transfer to DDC was a "clear and indisputable" violation of that General Order. Under these unique circumstances, granting the writ is appropriate. *See id.* at 380-81.

IT IS ORDERED that the petition for writ of mandamus is GRANTED, and the district court is DIRECTED "to request that DDC transfer Doe Corporation's case against the Board back to SDTX" to allow for the requisite 21-day stay period. This Order exclusively addresses the narrow procedural issue created by the immediate transfer. This court expresses no view as to the merits of SDTX's transfer to DDC, and further recognizes that the ultimate decision regarding whether to transfer the case back to SDTX to allow for the 21-day stay period, remains the prerogative of DDC.



A True Copy
Certified order issued **Oct 03, 2024**

Lyle W. Cayce
Clerk, U.S. Court of Appeals, Fifth Circuit

# *United States Court of Appeals*

FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

October 03, 2024

Mr. Nathan Ochsner
Southern District of Texas, Houston
United States District Court
515 Rusk Street
Room 5300
Houston, TX 77002

    No. 24-20407    In re: John Doe Corporation
                            USDC No. 4:24-CV-1103

Dear Mr. Ochsner,

Enclosed is a copy of the judgment issued as the mandate.

                                        Sincerely,

                                        LYLE W. CAYCE, Clerk

                                        By: _____
                                        Dantrell L. Johnson, Deputy Clerk
                                        504-310-7689

cc w/encl:
    Ms. Ginger Anders
    Ms. Gabriela M. Barake
    Mr. John Kiley Edwards
    Mr. Jacob Shaye Frenkel
    Ms. Elaine Goldenberg
    Mr. Robert Kelsey Kry
    Mr. Jeffrey A. Lamken
    Mr. Sheng Tao Li
    Ms. Rachel Miller-Ziegler
    Mr. John Robinson
    Mr. Russell Ryan
    Mr. Joshua Marc Salzman
    Mr. Donald B. Verrilli, Jr.
    Mr. Brooks Todd Westergard