Case 4:24-cv-01103   Document 49   Filed on 11/27/24 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
November 27, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-24-1103 |
| PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD, | § § § § | |
| Defendant. | § § | |

**ORDER**

On November 19, 2024, the U.S. District Court for the District of Columbia transferred this case back to this court, at this court's request. (Docket Entry No. 46). John Doe Corporation filed a request for a conference on November 20, 2024 asking for a status conference as soon as possible. (Docket Entry No. 47). The request for the conference outlined several areas on which the parties sought guidance from the court. They are: (1) whether the 21-day automatic stay is operative; (2) whether the court agrees that the amended complaint moots the PCAOB's original motion to dismiss and the motion to transfer; (3) whether the briefing on venue should happen in this court or at the Fifth Circuit; (4) whether, if in this court, the court would prefer to have the issue briefed in a motion for reconsideration or in another type of motion; (5) if this court will stay this action until the transfer-related issues are resolved.

This court set a status conference on December 17, 2024 to allow the parties to discuss these issues with the court, but John Doe Corporation correctly noted that the date is a concern because the automatic 21-day stay would have expired on December 10, 2024, a week prior. John Doe Corporation sought mandamus.

This court seeks to clarify that it has no intention of transferring the case or otherwise issuing substantive rulings until the parties have fully briefed and presented oral arguments on the venue issue and the motion to dismiss. To make that clear, this case is stayed until those issues are resolved in this court, and the December 17, 2024 hearing is cancelled. The court vacates its prior order transferring the case, (Docket Entry No. 39), avoiding the need for a motion to reconsider. That allows the PCAOB to decide whether to file a new motion to transfer based on the amended complaint, which this court would consider only after a full response in opposition from John Doe Corporation. In the interest of orderly proceeding, a motion to transfer based on the amended complaint should be first determined in this court and not by the Fifth Circuit in the first instance. *See Sentry Ins. v. Morgan*, 101 F.4th 396, 399 (5th Cir. 2024) (per curiam) ("[A] court of appeals sits as a court of review, not of first view.") (quoting reference omitted).

If the PCAOB decides that it wants to file a motion to transfer based on the amended complaint, a scheduling order for the motion and response is needed to permit full briefing and argument on whether 28 U.S.C. § 1404 justifies transfer given the amendments to the complaint. The court invites the parties to submit a proposed briefing and argument schedule that would allow the full presentation necessary for this court to accurately decide venue and the motion to dismiss, if not moot. Other than the briefing on any future motion to transfer and on the motion to dismiss, the case is stayed. Accordingly, the parties must propose, no later than December 5, 2024, a briefing schedule for (1) any motion to transfer based on the amended complaint; (2) responses to the motion to dismiss, if necessary; and (3) oral arguments on both motions.

SIGNED on November 27, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge